### HOLMES & GRIGGS MANUF'G CO. *v.* MORSE.

(*Superior Court of New York City, Special Term.*    April, 1892.)

FEES OF REFEREE—JOINT TRIAL.

> Where actions between the same parties in different courts and for different causes of action are referred to the same referee, and tried together by him, he will be entitled to full statutory fees in each case, in the absence of any stipulation to the contrary.

Action by the Holmes & Griggs Manufacturing Company against C. Livingston Morse. A judgment for plaintiff was reversed. Plaintiff moves to retax costs. Motion denied.

For former report, see 6 N. Y. Supp. 960, *mem.* For report of action in supreme court, see 5 N. Y. Supp. 940.

*D. G. Wild*, for the motion.    *M. H. Dillenbeck*, opposed.

GILDERSLEEVE, J. An action in the supreme court, and one in the superior court, between the same parties, were referred to the Honorable George M. Van

Hoesen, as referee, to hear and determine. They were tried together before said referee; but there was no stipulation as to his fees, and there were separate findings, separate reports, and separate bills of costs; and the two actions were treated as separate and distinct in all respects, except that they were tried at the same time, before the same referee. The referee charged the statutory fee in each case, and such fees were taxed in each bill of costs. The plaintiff moves to retax the costs in the superior court case by striking out one half of the referee's fees, claiming that said referee was entitled to charge one fee only, since the two actions were tried together at the same time, and that such fee should be evenly apportioned to the two actions, half being charged in the supreme court case and half in the superior court case. I do not think this motion should be granted. The actions were separate and distinct, being for different promissory notes. Had the parties not stipulated to try the two actions together, there would, of course, have been no question as to the referee's right to charge his full fee in each case; and, inasmuch as no stipulation was made by which it was agreed that he should only charge for one fee in both actions, he in no respect waived his right to his full compensation in each case. The statute provides that a referee is entitled to six dollars for each day spent in the business of the reference, unless a different rate of compensation is fixed by stipulation or order. Code, § 3296. If the parties intended to limit the referee's fees to one fee only, they should have so stipulated when they entered into the stipulation to try the two actions together. They did not do this, and the referee is entitled to his full compensation.

The learned counsel for the plaintiff has referred me to the case of *Byrne* v. *Groot*, 5 N. Y. Law Bull. 56, a decision of the common pleas special term. But the facts in that case, so far as they can be learned from the short memorandum decision, do not disclose a similar state of facts to those presented on this motion. Neither is the case of *Colton* v. *Simmons*, 14 Hun, 75, in point, for in that case the two actions were in the same court, and the complaint in one was dismissed on the ground that the two actions were between the same parties for the same cause of action, whereas the two actions here under consideration are in different courts, and for different and distinct causes of action. The motion is denied, without costs.